# UNITED STATES DISTRICT COURT

__EASTERN__ District of __NEW YORK__

UNITED STATES OF AMERICA
v.
ABAD ELFGEEH

JUDGMENT IN A CRIMINAL CASE

Case Number: 03 CR 0133(SJ)

USM Number: 31523-053

Frank J. Hancock, Esq.,
117-16 Queens Blvd., Forest Hills, NY 11375
Defendant's Attorney

FILED IN CLERK'S OFFICE DISTRICT COURT E.D.N.Y. FEB 9 2006 P.M. TIME A.M.

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☒ The defendant was found guilty on counts 1-5 of the superseding indictment.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18§ 371 | Conspiracy to Operate an Unlicensed Money Transmitting Business | 10/2001 | 1ss |
| 18§ 1960(a) | Operating an Unlicensed Transmitting Business | 07/02/05 | 2ss |
| 18§ 371 | Conspiracy to Operate an Unlicensed Money Transmitting Business | 01/2003 | 3ss |
| 18§ 1960(a) | Operating an Unlicensed Transmitting Business | 01/2003 | 4ss |
| 31§ 5324(a)(3) (d)(2) | Structuring Bnk Transactions | 01/2003 | 5ss |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ All open counts are dismissed upon motion of the Government..

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

__February 3, 2006__
Date of Imposition of Judgment

s/SJ
Signature of Judge

STERLING JOHNSON, JR. UNITED STATES DISTRICT JUDGE
Name and Title of Judge

February 3, 2006
Date

A TRUE COPY ATTEST
DATE:____
ROBERT C HEINEMANN
CLERK OF COURT
By August Marziliano
Deputy Clerk

DEFENDANT: **ABAD ELFGEEH**
CASE NUMBER: **03 CR 0133(SJ)**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

60 months on counts 1-4 and 120 months on count 5. Terms of imprisonment imposed on counts 1-3 to run concurrent with each other and concurrent to 52 months on count 4. The remaining 6 months imposed on count 4 are to run consecutive to the 60 months imposed on counts 1-3 for a total term of 68 months imprisonment as to counts 1-4. The term of imprisonment imposed on count 5 is to run consecutive to the total term of imprisonment imposed on counts 1-4. The result is a total term of imprisonment of ONE HUNDRED AND EIGHTY EIGHT (188) months.

The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ a _____ a.m. p.m. on _____.

  ☐ as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  before 2 p.m. on _____.

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **ABAD ELFGEEH**
CASE NUMBER: **03 CR 0133(SJ)**

Judgment—Page 3 of 5

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**3 years supervised release.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 500.00 | $ $1,250,000.00 | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| TOTALS | $ 0 | $ 0 | |

Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　☐ the interest requirement is waived for the　☐ fine　☐ restitution.

　☐ the interest requirement for the　☐ fine　☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☒ Lump sum payment of $ 500.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below), or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

**SEE ATTACHED ORD OF FORFEITURE**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

SLR:EB:CSK
F# 2003V00401

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

ABAD ELFGEEH and
AREF ELFGEEH,

        Defendant.

- - - - - - - - - - - - - - -X

PRELIMINARY ORDER
OF FORFEITURE

03 CR 133 (SJ)

WHEREAS, in the forfeiture allegations of the above-captioned Indictment, the United States of America sought forfeiture of certain property of the defendants ABAD ELFGEEH and AREF ELFGEEH, pursuant to 18 U.S.C. § 982, and 31 U.S.C. § 5317(c);

WHEREAS, on September 21, 2005, a jury found the defendant ABAD ELFGEEH guilty of Counts One, Two, Three, Four and Five charged in the Superceding Indictment;

WHEREAS, on September 21, 2005, a jury found the defendant AREF ELFGEEH guilty of Counts Three and Four charged in the Superceding Indictment;

WHEREAS, on September 21, 2005, a jury found a Special Forfeiture Verdict against the defendants ABAD ELFGEEH and AREF ELFGEEH, finding that by a preponderance of the evidence, that $22,435,467.00 in United States currency was involved in or traceable to property involved in the unlicensed money transmission business offenses charged in Counts One, Two, Three, and Four in

the Superceding Indictment;

WHEREAS, on September 21, 2005, a jury found a Special Forfeiture Verdict against the defendants ABAD ELFGEEH and AREF ELFGEEH, that all funds on deposit in JP Morgan Chase bank account number 094-0617502-65 in the name of Carnival French Ice Cream Supermarket were involved in or traceable to property involved in the unlicensed money transmission business offenses charged in Counts One through Four of the Superceding Indictment;

WHEREAS, on September 21, 2005, a jury found a Special Forfeiture Verdict against the defendants ABAD ELFGEEH and AREF ELFGEEH, that all funds on deposit in Astoria Federal Savings account number 91-514352-4 in the name of Aref A. ElFgeeh and Mahmood ElFgeeh were involved in or traceable to property involved in the unlicensed money transmission business offenses charged in Counts One through Four of the Superceding Indictment;

WHEREAS, on September 21, 2005, a jury found a Special Forfeiture Verdict against defendants ABAD ELFGEEH and AREF ELFGEEH, that all funds on deposit in JP Morgan Chase bank account number 094-0723858-65 in the name of Prospect Deli were involved in or traceable to property involved in the unlicensed money transmission business offenses charged in Counts One through Four of the Superceding Indictment;

WHEREAS, on September 21, 2005, a jury found a Special Forfeiture Verdict against the defendants ABAD ELFGEEH and AREF

ELFGEEH, finding that by a preponderance of the evidence that $22,435,467.00 in United States currency was involved in or traceable to property involved in the structured transaction offense charged in Count Five of the Superceding Indictment;

WHEREAS, on September 21, 2005, a jury found a Special Forfeiture Verdict against the defendants ABAD ELFGEEH and AREF ELFGEEH, that all funds on deposit in JP Morgan Chase bank account number 094-0617502-65 in the name of Carnival French Ice Cream Supermarket were involved in or traceable to property involved in the structured transactions offense charged in Count Five of the Superceding Indictment;

WHEREAS, on September 21, 2005, a jury found a Special Forfeiture Verdict against the defendants ABAD ELFGEEH and AREF ELFGEEH, that all funds on deposit in Astoria Federal Savings account number 91-514352-4 in the name of Aref A. ElFgeeh and Mahmood ElFgeeh were involved in or traceable to property involved the structured transactions offense charged in Count Five of the Superceding Indictment;

WHEREAS, on September 21, 2005, a jury found a Special Forfeiture Verdict against defendants ABAD ELFGEEH and AREF ELFGEEH, that all funds on deposit in JP Morgan Chase bank account number 094-0723858-65 in the name of Prospect Deli were involved in or traceable to property involved in the structured transactions offense charged in Count Five of the Superceding Indictment.

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The defendants ABAD ELFGEEH and AREF ELFGEEH, shall forfeit all of their right, title and interest in the sum of Twenty-Two Million, Four Hundred and Thirty-Five Thousand Four Hundred and Sixty-Seven Dollars in United States currency ($22,435,467.00) in United States currency and a forfeiture money judgment in that amount shall be entered against each of them, pursuant to 18 U.S.C. § 982, 31 U.S.C. § 5317(c) and Fed. R. Crim P. 32.2.

2. The defendants ABAD ELFGEEH and AREF ELFGEEH, shall forfeit all of their right, title and interest in all funds on deposit in JP Morgan Chase bank account number 094-0617502-65 in the name of Carnival French Ice Cream Supermarket, pursuant to 18 U.S.C. § 982, 31 U.S.C. § 5317(c), and Fed. R. Crim P. 32.2.

3. The defendants ABAD ELFGEEH and AREF ELFGEEH, shall forfeit all of their right, title and interest in Astoria Federal Savings account number 91-514352-4 in the name of Aref A. ElFgeeh and Mahmood ElFgeeh, pursuant to 18 U.S.C. § 982, 31 U.S.C. § 5317(c), and Fed. R. Crim P. 32.2.

4. The defendants ABAD ELFGEEH and AREF ELFGEEH, shall forfeit all of their right, title and interest in JP Morgan Chase bank account number 094-0723858-65 in the name of Prospect Deli, pursuant to 18 U.S.C. § 982, 31 U.S.C. § 5317(c) and Fed. R. Crim

P. 32.2.

5. Upon entry of this Order, the United States Attorney General or designee is authorized to seize and execute the Forfeiture Money Judgement against any and all property, real or personal, of the defendant, respectively, including any substitute property in accordance with 18 U.S.C. § 982(b), incorporating by reference, 21 U.S.C. § 853(p), to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

6. The United States Marshals Service shall publish notice of this Order, in accordance with the custom and practice in this district, in a newspaper of general circulation and of its intent to dispose of the forfeited property in such a manner as the Attorney General or his designee may direct.

7. Any person, other than the Defendants, asserting a legal interest in the forfeited property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

8. The United States shall have clear title to the forfeited property identified above following the Court's

disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9. Pursuant to the Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

10. This Order shall be final and binding only upon the Court's "so ordering" of the order.

11. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Order.

12. The Clerk of the Court is directed to send, by inter-office mail, three certified copies of this executed Order of Forfeiture to Assistant United States Attorney Claire S. Kedeshian, United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
~~December~~ __, ~~2005~~,
Feb. 3, 2006

/s/
HONORABLE STERLING JOHNSON, JR.
UNITED STATES DISTRICT JUDGE